GILLESPIE, Chief Justice:
This case involves the right of appellant to recover for the wrongful death of an infant born to appellant’s former wife nine months and nine days after appellant separated from the infant’s mother and approximately seven months after their divorce. The chancellor found that appellant made statements during the infant’s lifetime that he was not the father, and that appellant furnished the information shown on the infant’s death certificate that its father was unknown.
We are of the opinion that because of the unusual posture of the issue concerning the infant’s parentage, the fact that the birth certificate was not offered in evidence, and the appellant was held not to be a competent witness under the dead man’s statute [Miss.Code 1942 Ann. § 1690[1] (1956)], the decree of the trial court ought to be vacated and the cause remanded to the trial docket for further proof and development of the case. Mississippi Chancery Practice, Griffith, section 595 (1950), provides in part as follows:
[I]t has long been the settled rule in our courts of equity that where on a final hearing or even after submission it is clearly perceived' that some material point is either left unproved or the explanation of it is insufficient the chancellor has a discretion in the interest of justice and merits to remand it to the docket for further proof. If it appear that by inadvertence or a mistaken idea of the law or the like, a material fact known to exist has not been proved the court should remand to the docket to allow the proof, unless clearly a countervailing injustice would be done thereby. .
Decree vacated and remanded.
PATTERSON, INZER, ROBERTSON and WALKER, JJ., concur.

. The appellant did not raise the question of the application of section 1690 in this Court, therefore, we do not have before us the correctness of this ruling.